NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ORLANDO REYES-NAVARRO; TERESA FRAGOSO-SANCHEZ, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 20-73290 <br><br> Agency Nos. <br> A202-096-361 <br> A202-096-362 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI, District Judge.***

Petitioners Orlando Reyes-Navarro and Teresa Fragoso-Sanchez, a husband

and wife, seek review of a decision of the Board of Immigration Appeals that

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Mark C. Scarsi, United States District Judge for the Central District of California, sitting by designation.

(1) dismissed their appeal of an immigration judge's orders denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and (2) denied their motion for remand. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). Because the Board's 2020 decision incorporated its 2017 decision, we review both decisions and the corresponding decisions of the immigration judge to the extent the Board adopted their reasoning.

We review for substantial evidence the agency's factual determinations that a petitioner failed to establish (1) that he suffered past harm rising to the level of persecution and (2) that relocation would be unsafe or unreasonable. *See Urias-Orellana v. Bondi*, 146 S. Ct. 845, 848 (2026) (past persecution); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (internal relocation). We review the denial of a motion to remand for abuse of discretion, *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025), and review constitutional claims de novo, *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

1. In its 2017 decision, the Board "agree[d] with the Immigration Judge" that petitioners failed to establish past harm rising to the level of persecution. The record does not compel a contrary conclusion.

Fragoso-Sanchez's mother and father lived next door to Fragoso-Sanchez's father's uncle, Juventino, in the state of Veracruz, Mexico. In 2007, Juventino murdered Fragoso-Sanchez's father. In 2008 and again in 2014, Juventino called Fragoso-Sanchez's mother and threatened to kill other family members, including Reyes-Navarro. Petitioners arrived in the United States in August 2014, but left their two young children with Fragoso-Sanchez's mother. Two years later, Juventino broke into Fragoso-Sanchez's mother's home and fired a gun. Reyes-Navarro's brother subsequently brought the children to the United States.

Juventino never physically harmed petitioners. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("The first [factor], and often a significant consideration, is whether the petitioner was subject to significant physical violence." (internal quotation marks omitted)). While harm to family members can contribute to a finding of past persecution, we have never held that it is sufficient, standing alone, to compel such a finding. *See id.* at 1062. Though petitioners claim that past persecution is established by death threats "backed by the clear ability to carry out those threats," we have explained that we are "most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." *Duran-Rodriguez*, 918 F.3d at 1028 (internal quotation marks omitted). Here, however, petitioners lived openly in Veracruz for years, during which time they were never physically confronted or mistreated. While

Juventino's actions in 2016, nearly two years after petitioners came to the United States, may suggest he retains an interest in petitioners, his actions do not establish that petitioners were persecuted while in Mexico.

2. In the absence of past persecution, petitioners must establish a well-founded fear of future persecution (for asylum) or a "clear probability" of future persecution (for withholding). *See Sharma*, 9 F.4th at 1059. Neither can be shown if they could reasonably relocate within Mexico to avoid persecution. *See Duran-Rodriguez*, 918 F.3d at 1029. Where the applicant has not established past persecution and the alleged persecutor is not government-sponsored, the applicant bears the burden of proving that relocation would be unsafe or unreasonable. *See id.*; 8 C.F.R. § 1208.13(b)(3)(i) (2020) (asylum); 8 C.F.R. § 1208.16(b)(3)(i) (2020) (withholding).

Substantial evidence supports the agency's internal relocation determinations. Petitioners claim that they face a nationwide risk of future harm because Juventino was involved with the Zetas cartel. But as the immigration judge found, petitioners' own country-conditions evidence shows that the Zetas do not operate throughout Mexico. The record thus does not compel the conclusion that petitioners could not avoid future persecution by moving outside of the state of Veracruz.

Nor does it compel the conclusion that relocation would be unreasonable. As the immigration judge noted, petitioners are young, Reyes-Navarro has previously worked in Mexico, and petitioners supported themselves in the United States "even though they do not speak the language, are unfamiliar with the culture, and lack permission to work." Petitioners claim that the immigration judge failed to consider how "financial and social constraints would impede their ability to relocate within Mexico." But as shown, the immigration judge discussed facts relevant to those considerations. In any event, petitioners did not provide evidence of those constraints or explain why they would make relocation unreasonable, as was their burden. *See Duran-Rodriguez*, 918 F.3d at 1029.

3. Petitioners did not address CAT relief in their opening brief and have therefore forfeited any challenge to the agency's rejection of their CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

4. The Board did not abuse its discretion in denying petitioners' motion to remand. A movant must offer new evidence that is "material and was not available and could not have been discovered or presented at the former hearing." *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 760 (9th Cir. 2023) (quoting 8 C.F.R. § 1003.2(c)(1) (2023)). In their motion to remand, petitioners alleged only that certain issues "would benefit from further development of the evidentiary record."

Because petitioners did not identify any material and previously unavailable evidence, the Board acted within its discretion when it denied the motion.

5. Finally, the immigration judge did not violate petitioners' due-process rights by not holding an evidentiary hearing after we remanded this case in 2018. A due-process claim requires showing "substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). At a minimum, petitioners must show that the alleged violation "potentially affect[ed] the outcome of the proceedings." *Ching v. Mayorkas*, 725 F.3d 1149, 1156–57 (9th Cir. 2013) (emphasis omitted). Because Fragoso-Sanchez had previously testified about the June 2016 events involving petitioners' children, and petitioners identify no new evidence that they would have submitted at a second evidentiary hearing, they cannot establish prejudice.

**PETITION DENIED.**